Xiao Jing ZHENG, Petitioner,

v.

Alberto R. GONZALES,* United States
Attorney General, Respondent.

No. 04–1816–AG.

United States Court of Appeals,
Second Circuit.

Jan. 31, 2006.

Charles Christophe, New York, New
York, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Stephen H. McClain, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

Present: Honorable AMALYA L.
KEARSE, Honorable SONIA
SOTOMAYOR, and Honorable
BARRINGTON D. PARKER, Jr., Circuit
Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") be and it hereby is DENIED.

Petitioner Xiao Jing Zheng, through counsel, petitions for review of a BIA decision reproduced at pages "1–2" of her joint appendix. (Zheng brief in support of petition for review at 3.) Although Zheng describes that decision as one "denying a motion to reopen her removal proceedings" (*id.*), the order in fact is one dismissing Zheng's appeal from an order of the Immigration Judge ("IJ") denying her motion to reopen; no such motion to the BIA nor any order by the BIA denying a motion to reopen appears in the record.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

This Court reviews for abuse of discretion a refusal by the BIA to overturn a decision of the IJ denying a motion to reopen. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). Where the BIA has summarily dismissed an appeal from such a decision, we review the IJ's decision for abuse of discretion. *See generally id.*

Zheng's applications for asylum and other relief were denied by the IJ because Zheng failed to appear for her hearing. By law, "[a]ny alien who, after written notice ... has been provided to the alien or the alien's counsel of record, does not attend a [removal] proceeding ... shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable...." 8 U.S.C. § 1229a(b)(5)(A). Such an order can be rescinded if the alien "demonstrates that the failure to appear was because of exceptional circumstances" or if the "alien demonstrates that the alien did not receive notice in accordance with [the statute]." 8 U.S.C. § 1229a(b)(5)(C).

Here, the record shows that notice of the hearing at which Zheng failed to appear had been sent to Zheng's counsel of record, Annie Rawson. In support of her motion to reopen, Zheng claimed that, prior to the hearing date, she had retained new counsel, the Porges Law Firm ("Porges"), and that Porges gave her the wrong date. Despite Zheng's proffer of an affidavit stating that she appeared before an IJ represented by Porges, it was well within the discretion of the IJ and the BIA to reject that claim for lack of credibility, as the record shows that neither Zheng nor Porges, on Zheng's behalf, made or attempted an appearance. Accordingly, the BIA did not abuse its discretion in finding that Zheng failed to prove exceptional circumstances or that she did not receive notice in accordance with the statute.

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied.

The stay of removal previously granted in this proceeding is hereby vacated.